UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 - 10440NG

MAGISTRATE JUDGE _____

| | |
|---|---|
| PROVIDENCE STEEL, INC., individually, and on behalf of a class of persons similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>    Defendant, | CIVIL ACTION NO:<br><br>CLASS ACTION COMPLAINT AND DEMAND FOR A JURY TRIAL |

RECEIPT # 54289
AMOUNT $ ___
SUMMONS ISSUED ___
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 3/4/04

## INTRODUCTION

1. This is a complaint seeking equitable restitution, disgorgement and declaratory relief pursuant to federal common law as developed under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA"), to redress the defendant's receipt of insurance premiums for life (both basic and supplemental) and accidental death and dismemberment ("AD&D") insurance benefits that defendant knew were not in effect due to age-based reductions in benefits, and to recover interest, costs and attorneys' fees.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331. Venue is proper in this district pursuant to 28 U.S.C. 1391(b), as the defendant can be found in this district.

## PARTIES

3. Plaintiff Providence Steel, Inc. ("Plaintiff"), is a Rhode Island corporation with its principal place of business at 27 Sims Avenue, Providence, Rhode Island.

-1-

4.	Defendant The Union Central Life Insurance Company ("Defendant"), is an Ohio corporation with principal offices located at 1876 Waycross Road, Cincinnati, OH 45240. Defendant is licensed as an insurer with the Massachusetts Division of Insurance. Defendant conducts business in all 50 states, including Massachusetts and can be found in Massachusetts

## FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF AND PRACTICES COMPLAINED OF

5.	Since 1999, Defendant has knowingly overcharged its group insurance policyholders for basic life insurance, supplemental life insurance and AD&D benefits.

6.	Since 1999, Defendant has knowingly received premiums from its group insurance policyholders for basic life insurance, supplemental life insurance and AD&D benefits that were not in effect due to age-based reductions in benefits.

7.	Pursuant to the federal common law as developed under ERISA, Providence Steel is entitled to recover restitution of the overpaid premiums and to recoup Defendant's wrongful profits earned from those overpaid premiums as a matter of equity.

8.	In or about December 1984, Plaintiff procured a group life insurance policy ("the Providence Policy") from Royal Maccabees Life Insurance Company, now known as Reassure America Life Insurance Company ("Royal"), for the purpose of providing life insurance and AD&D benefits to its employees and President. The provision of life insurance and AD&D coverage to its employees and President by Plaintiff constitutes a health and welfare benefit as defined by section 502(a)(1)(B) of ERISA. In 1999, Defendant purchased Royal's group insurance business, retroactive to January 1, 1999.

9.	Premiums under the Providence Policy are calculated according to a fixed rate per thousand dollars worth of life insurance and AD&D coverage provided.

10. Under the terms of the Providence Policy, "[t]he Life Insurance and AD&D benefit will be reduced by 35% on the premium due date coincident with or next following the attainment of age 65 and will be further reduced on the premium due date coincident with or next following the attainment of age 70 to a maximum of $10,000."

11. W. E. King was a named insured under the Providence Policy, and was at all relevant times eligible for life insurance and AD&D benefits under the Providence Policy.

12. Mr. King was born on October 13, 1933, and accordingly turned 65 on October 13, 1998. Thus, under the terms of the Providence Policy, the life insurance and AD&D benefits for Mr. King reduced by 35% to $26,000 as of November 1, 1998 (the premium due date next following Mr. King's attainment of age 65).

13. From November 1, 1998, through April 30, 2000, Plaintiff was billed and made premium payments for life insurance and AD&D benefits for Mr. King as if he was in fact eligible for coverage at the $40,000 level. Beginning in 1999, Defendant knowingly billed and collected premiums for life insurance and AD&D benefits of $40,000, even though Defendant knew that Mr. King had attained the age of 65 and that his benefits had been reduced to $26,000.

14. On the May 2000 billing statement, Plaintiff was billed and made premium payments for life insurance and AD&D benefits for Mr. King at the $26,000 level. On that invoice, Defendant gave a "credit due to reduction" to Plaintiff in the amount of $203.28. This "credit" paid was not a full refund of overpayments, and did not include any interest for the overpayments.

15. H. Houle was a named insured under the Providence Policy, and was at all relevant times eligible for life insurance and AD&D benefits under the Providence Policy.

16. Mr. Houle was born on December 3, 1932, and according turned 65 on December 3, 1997. Thus, under the terms of the Providence Policy, the life insurance and AD&D benefits for Mr. Houle reduced by 35% to $6,500 as of January 1, 1998 (the premium due date next following Mr. Houle's attainment of age 65).

17. From January 1, 1998, through April 30, 2000, Plaintiff was billed and made premium payments for life insurance and AD&D benefits for Mr. Houle as if he was in fact eligible for coverage at the $10,000 level. Beginning in 1999, Defendant knowingly billed and collected premiums for life insurance and AD&D benefits of $10,000, even though Defendant knew that Mr. Houle had attained the age of 65 and that his benefits had been reduced to $6,500.

18. On the May 2000 billing statement, Plaintiff was billed and made premium payments for life insurance and AD&D benefits for Mr. Houle at the $6,500 level. On that invoice, Defendant gave a "credit due to reduction" to Plaintiff in the amount of $50.76. This "credit" paid was not a full refund of overpayments, and did not include any interest for the overpayments.

19. F. W. Eldridge was a named insured under the Providence Policy, and was at all relevant times eligible for life insurance and AD&D benefits under the Providence Policy.

20. Mr. Eldridge was born on June 1, 1933, and according turned 65 on June 1, 1998. Thus, under the terms of the Providence Policy, the life insurance and AD&D benefits for Mr. Eldridge reduced by 35% to $6,500 as of June 1, 1998 (the premium due date coincident with Mr. Eldridge's attainment of age 65).

21. From January 1, 1998, through April 30, 2000, Plaintiff was billed and made premium payments, for life insurance and AD&D benefits for Mr. Eldridge as if he was in fact eligible for coverage at the $10,000 level. Beginning in 1999, Defendant

knowingly billed and collected premiums for life insurance and AD&D benefits of $10,000, even though Defendant knew that Mr. Eldridge's benefits had been reduced to $6,500.

22. On the May 2000 billing statement, Plaintiff was billed and made premium payments for life insurance and AD&D benefits for Mr. Eldridge at the $6,500 level. On that invoice, Defendant gave a "credit due to reduction" to Providence Steel in the amount of $50.76. This "credit" paid was not a full refund of overpayments, and did not include any interest for the overpayments.

23. Defendant received premiums from Plaintiff for insurance and AD&D benefits that were not extended by Defendant.

24. Plaintiff is entitled to restitution of the premiums that Defendant billed and collected from Plaintiff on behalf of Messrs. King, Houle and Eldridge for insurance and AD&D benefits that were not in effect due to age-based reductions.

## CLASS ALLEGATIONS

25. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of a class of all other persons similarly situated. The class is defined as all employers, whether persons, partnerships, corporations or other entities, who or that:

(A) were policyholders of Group Insurance Policies that were insured and administered by The Union Central Life Insurance Company ("Union Central") and/or Royal Maccabees Life Insurance Company, now known as Reassure America Life Insurance Company ("Royal"), at any time after January 1, 1999;

(B) paid premiums to Union Central and/or Royal at any time on or after January 1, 1999, that were not reduced to reflect the amount of benefits in effect based on the ages of the certificateholders; and

(C) were not credited with such overpaid premiums by Union Central and/or Royal in their next billing statement.

For purposes of this class definition, "Group Insurance Policies" shall mean those insurance policies that provided life insurance (basic or supplemental) and/or accidental death and dismemberment coverage for the policyholders' current and/or former employees, and contained age-based reductions of benefits clauses.

Specifically excluded from the Settlement Class are Federal Judges and Magistrates and their immediate families, Union Central and Royal, any parent, subsidiary or affiliate of Union Central or Royal, any entity in which Union Central or Royal has a controlling interest, and Union Central's and Royal's officers, directors, employees and their immediate families.

26. There are questions of law and fact that are common to all members of the class, which questions predominate over any question affecting only individual class members.

27. The principal common questions of law and fact with respect to Defendant's billing practices are:

 a. Whether Plaintiff and the class are entitled to restitution pursuant to federal common law developed under ERISA of premium payments paid to Defendant for insurance benefits that were not in effect due to age-based reductions;

 b. Whether Plaintiff and the class are entitled to restitution of premium payments paid to Defendant for insurance benefits that were not in effect due to age-based reductions, regardless of whether Plaintiffs and the class were required, in addition to providing the birth dates for all certificateholders, to inform Defendant when age-based reductions took place;

c. Whether Defendant should be ordered to disgorge its wrongfully obtained profits received as a result of its knowing overcharging of policyholders;

d. Whether Defendant has been unjustly enriched by its practice of billing and collecting premiums for insurance benefits that were not in effect due to age-based reductions;

e. Whether Defendant knew when a certificateholder attained the age of 65 or 70;

f. Whether Defendant knew that it was billing and collecting premiums for insurance benefits that were not in effect due to age-based reductions;

g. Whether Plaintiff and the class are entitled to attorneys' fees pursuant to federal common law developed under ERISA; and

h. Whether Plaintiff and the class are entitled to declaratory relief.

28. Common questions of law and fact predominate over individual questions.

29. Plaintiff's claims are typical of the claims of the class members as all claims are based on the same legal and remedial theories.

30. Plaintiff will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the class it seeks to represent. Plaintiff has been wronged, wishes to obtain redress of the wrong. To that end, Plaintiff has retained counsel experienced in class action cases. Neither the representative Plaintiff nor counsel has any interest that might cause them not to vigorously pursue this action.

31. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

  a. Many of the individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

  b. Concentration of the litigation concerning this matter in this Court is desirable;

  c. The claims of the representative Plaintiff are typical of the claims of the class;

  d. A failure of justice will result from the absence of a class action; and

  e. The difficulties likely to be encountered in the management of a class action are not great.

32. The class is so numerous as to make it impracticable to join all members of the class of plaintiffs.

33. Plaintiff and the class members were damaged by Defendant's billing practices in that they paid premiums for insurance benefits that were not in effect due to age-based reductions.

34. Defendant has been aware of its systematic overcharging of group policyholders since 1999, but continued to charge and collect premiums that do not reflect an age-based reduction in group life insurance and AD&D benefits.

## COUNT I
### RESTITUTION UNDER THE FEDERAL COMMON LAW OF ERISA

35. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36. Plaintiff seeks restitution of premiums that were paid for basic and/or supplemental life insurance and/or AD&D benefits that were not in effect due to age-based reductions.

37. Defendant has been unjustly enriched as a result of Defendant's practice of billing and collecting premiums from ERISA plans and providers of ERISA health and welfare benefits for basic and/or supplemental life insurance and/or AD&D benefits that were not in effect due to age-based reductions.

38. As Plaintiff and the other members of the class paid, and Defendant received, premiums for basic and/or supplemental life insurance and/or AD&D benefits that were not in effect, Plaintiff and the other members of the class are entitled to equitable restitution of these overpaid premiums regardless of whether Plaintiff and the other members of the class were required, in addition to providing Defendant with the birth dates of all certificateholders, to expressly inform Defendant when an age-based reduction occurred.

39. As Defendant wrongfully profited from the premiums it received from Plaintiff and the other members of the class for basic and/or supplemental life insurance and/or AD&D benefits that were not in effect, Defendant must disgorge, for the benefit of the class, all or part of the profits received as a result of its systematic over-billing.

## COUNT II
## DECLARATORY RELIEF

40. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

41. Pursuant to 28 U.S.C. § 2201, this Court has the power to grant declaratory relief.

42. Accordingly, Plaintiff further requests the following class-wide relief:

    a. That a judicial determination and declaration be made of the rights of Plaintiff and the class members, as well as of the corresponding responsibilities of the Defendant; and

b.  That Defendant be declared financially responsible for notifying all class members of the existence of past overcharges, with restitution to be made to Plaintiff and the other members of the class, of all or part of the sums they paid due to Defendant's overstated premiums, and with Defendant disgorging its wrongfully obtained profits.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff prays for judgment against Defendant as follows:

1) For equitable restitution as requested in Count I;

2) For the declaratory relief requested in Count II;

3) For punitive or exemplary damages as allowed by law;

4) For attorneys' fees;

5) For interest and costs of suit; and

6) For such other a further relief as this Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY ON ALL ISSUES SO TRIABLE.**

For the Plaintiff,

_____
Fredric L. Ellis, BBO # 542075
Edward D. Rapacki, BBO # 411910
Joseph M. Makalusky, BBO # 631240
ELLIS & RAPACKI LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
(617) 523-4800


_____
Henry C. Ellis, Esq., BBO # 153360
ASSIRAN, ELLIS & DEVLIN
79 Church Green
Taunton, MA 02780
(508) 824-7597

Dated: March 4, 2004