UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROVIDENCE STEEL, INC., individually and on behalf of a class of persons similarly situated,<br><br>   Plaintiff,<br> v.<br><br>THE UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>   Defendant. | CIVIL ACTION NO: 04-10440-NG |

## AFFIDAVIT OF FREDRIC L. ELLIS

I, Fredric L. Ellis, under the pains and penalties of perjury, hereby state and affirm as follows with regard to Plaintiff's Memorandum in Support of Joint Motion For Preliminary Approval of Class Action Settlement, Conditional Certification of Settlement Class and Commencement of Settlement Approval Process:

1. I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, BBO# 542075. I am Plaintiffs' counsel in *Shabshelowitz et al. v. Royal Maccabees Life Insurance Company, n/k/a Reassure America Life Insurance Company*, C.A. No. 1:98-CV-1212-NG (the "Royal action") and am Plaintiff's counsel in the above-captioned matter. I was the lead plaintiff's attorney in settlement negotiations with The Union Central Life Insurance Company ("Union Central").

2.      The Royal action was filed on October 20, 1998.  The allegations in that case, which substantially similar to those involved in the above-captioned case, were that the defendant Royal Maccabees Life Insurance Company, n/k/a Reassure America Life Insurance Company Royal ("Royal") improperly billed policyholders for life insurance and accidental death and dismemberment ("AD&D") benefits which were not in effect due to an age-based reduction in benefits clause in the relevant policies.  More specifically, it is alleged that after policyholders reach the age of 65 and/or 70, Royal (and then Union) reduced the coverage of their life insurance policies (typically by 35% or 50%) but continued to charge and receive the same premiums based on the unreduced amount of insurance.

3.      Approximately ten months after the Royal action was commenced, in August 1999, Royal sold its group insurance business to Union Central.

4.      Discovery conducted in the Royal action revealed that the overbilling referred to above continued after Union Central began administering the group insurance accounts in August 1999.

5.      In 2002, I began settlement discussions with Union Central to obtain restitution of the overbilled premiums that had been paid by policyholders since Union Central purchased the business in 1999.[1]  The negotiations were conducted at an arm's-length basis and culminated in a settlement agreement dated March 3, 2004.  During the settlement process, my firm worked with Union Central to identify group insurance accounts that had been overbilled since January 1, 1999.  Union Central personnel confirmed that there were three categories of group insurance accounts that were administered by Union Central which were potentially overbilled because the computer billing system did not automatically reduce the billed amounts when an age-based

---

[1] Although the purchase was in August 1999, Union received the premiums paid on and after January 1, 1999.

reduction in benefits occurred.  Those three categories of accounts are:

    a) "specially coded" accounts (accounts coded 4 or 5 out of 9 possible reduction codes);

    b) "standard coded accounts" (accounts coded 1-3 or 6-9) where the amount of benefits was determined based on the annual wages of each employee; and

    c) certain standard coded non-wage based accounts which, due to a "glitch" in the computer system, were reviewed on a 48-week basis instead of a 52-week basis.

6.     A list of potentially overcharged accounts was generated, and Union Central personnel than began the process of calculating the overpaid premiums since January 1, 1999. The list of accounts which were overbilled since January 1, 1999 contains several hundred accounts, with policyholders from many states.  The amount of overcharges since January 1, 1999 is now estimated to be several hundred thousand dollars.

7.     Only after the parties reached agreement on the substantive terms of the settlement, did we begin to negotiate the amount of attorneys' fees and expenses Union Central would agree to pay "on top" of the restitution being paid to the class members.

8.     I and the members of my firm are experienced in the investigation and prosecution of consumer class actions in both state and federal court.  Some of the class action cases in which I have served as lead plaintiffs' counsel are as follows:

    i.     *In re GECC Bankruptcy Reaffirmation Agreements Litigation*, U.S.D.C. (N.D. Ill.) MDL No. 1192 (final approval granted to $100 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of General Electric Capital Corporation and its affiliates);

    ii.     *Berry, et al. v. Stop & Shop Supermarket Company*, Middlesex Superior Court, C.A. No. 97-4612 (final approval granted in statewide consumer class action concerning sales tax overcharges on supermarket purchases);

iii. *Roberts, et al. v. Bausch & Lomb*, USDC (N.D. Ala., Western Div.) C.A. No. 94-C-1144-W (final approval granted to $68 million settlement obtained on behalf of nationwide class of buyers of contact lenses);

iv. *Barry J. Hurst, Individually and on behalf of a class of persons similarly situated v. Federated Department Stores, et al.*, U.S.D.C. (D. Mass.) C.A. No.97-11479-NG (final approval granted to $8 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of Federated Department Stores);

v. *Feiss v. MediaOne Group, Inc.*, U.S.D.C. (N.D.Ga.) C.A.No. 99-CV-1170 (final approval granted for $20 million settlement on behalf of New England cable television customers challenging advertising practices of cable television company).

vi. *Ciardi, et al. v. F. Hoffmann LaRoche, Ltd., et al.*, Middlesex Superior Court) C.A. No. 99-3244 (final approval given to numerous price-fixing class action settlements in the bulk vitamin industry amounting to approximately $23 million).

Signed under the pains and penalties of perjury this 17th day of March, 2004.

                                           s/Fredric L. Ellis
                                           Fredric L. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel for the defendant, S. David McNeill, Esq. at Freeman McNeill, 185 Oakland Ave., Suite 260, Birmingham, MI 48009 by first class mail, postage prepaid.

                                           s/Fredric L. Ellis
                                           Fredric L. Ellis

Dated: March 17, 2004