UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROVIDENCE STEEL, INC., individually, and on behalf of a class of persons similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE UNION CENTRAL LIFE INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO: 04-10440-NG |

## [~~PROPOSED~~] ORDER PRELIMINARILY APPRROVING THE UNION CENTRAL LIFE INSURANCE COMPANY GROUP INSURANCE POLICYHOLDERS SETTLEMENT

The parties to the above-captioned litigation having applied pursuant to Fed. R. Civ. P. 23 for an order (i) preliminarily approving the proposed settlement of the litigation in accordance with the The Union Central Life Insurance Company Group Insurance Policyholders Settlement Agreement (the "Settlement Agreement") filed with the Court, and (ii) conditionally certifying the class as defined in the Settlement Agreement; and the Court having considered the Settlement Agreement and accompanying documents; and all parties having consented to the entry of the Order:

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement.

2. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Fairness Hearing provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness that

notice of the proposed settlement should be given as provided in paragraph 7 of this Order.

3. The Court makes a preliminary determination that, for settlement purposes only, the Settlement Agreement meets the requirements for certification under Fed. R. Civ. P. 23(a) and (b)(3).

4. The Court hereby conditionally certifies the following settlement class (the "Settlement Class"):

All employers, whether persons, partnerships, corporations or other entities, who or that:

(A) were policyholders of Group Insurance Policies that were insured and administered by The Union Central Life Insurance Company ("Union Central") and/or Royal Maccabees Life Insurance Company, now known as Reassure America Life Insurance Company ("Royal"), at any time after January 1, 1999;

(B) paid premiums to Union Central and/or Royal at any time on or after January 1, 1999, that were not reduced to reflect the amount of benefits in effect based on the ages of the certificateholders; and

(C) were not credited with such overpaid premiums by Union Central and/or Royal in their next billing statement.

For purposes of this class definition, "Group Insurance Policies" shall mean those insurance policies that provided life insurance (basic or supplemental) and/or accidental death and dismemberment coverage for the policyholders' current and/or former employees, and contained age-based reductions of benefits clauses.

Specifically excluded from the Settlement Class are Federal Judges and Magistrates and their immediate families, Union Central and Royal, any parent, subsidiary or affiliate of Union Central or Royal, any entity in which Union Central or Royal has a controlling interest, and Union Central's and Royal's officers, directors, employees and their immediate families.

Also excluded from the Settlement Class shall be any employers who or that submit a valid Request for Exclusion in accordance with the procedures set forth in the Settlement Agreement.

5. The Court further conditionally finds that the Plaintiff, Providence Steel, Inc., has adequately and fairly represented the Settlement Class and is hereby appointed Class Representative. The Court further conditionally finds that Plaintiff's Lead Counsel and Class Counsel have adequately represented the interests of the Settlement Class. Fredric L. Ellis is appointed Plaintiff's Lead Counsel and the firms Ellis & Rapacki LLP and Assiran, Ellis & Devlin are appointed Class Counsel. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever, the conditional certification of the Settlement Agreement shall be void, the Settling Defendant shall have reserved all its rights to oppose any and all class certification motions, to contest the adequacy of the Plaintiff's Lead Counsel and Class Counsel as adequate class counsel, and the Settlement Agreement shall not be admissible as evidence during any class certification hearings.

6. The Court approves the format of the Notice, attached as Exhibit 1 to the Settlement Agreement. The Court preliminarily finds that dissemination of the Summary Notice in the manner and form set forth in paragraph 7 of this Order meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under

the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. Within sixty (60) days after the entry of this Order, Union Central shall cause a copy of the Notice, substantially in the form of Exhibit 1 to the Settlement Agreement, to be mailed to each member of the Settlement Class, as provided in the Settlement Agreement. At or before the Fairness Hearing, Union Central shall file proof, by affidavit, of such mailings.

8. A hearing on final settlement approval (the "Fairness Hearing") is hereby scheduled to be held on __July 22nd__, at __2:30pm__ in Courtroom __2__ of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to consider the fairness, reasonableness and adequacy of the proposed settlement, the dismissal with prejudice of this action, an award of attorneys' fees and expenses and the Class Representative's payment, and the entry of final judgment in this action.

9. The Court may adjourn the Final Hearing without further notice to the members of the Settlement Class other than that which may be posted by the Court.

10. Any member of the Settlement Class who has not requested exclusion from the Settlement Class may, but need not, appear at the Fairness Hearing personally or through counsel, provided that an appearance is served and filed as hereinafter provided. Members of the Settlement Class who do not enter an appearance through their own attorneys will be represented by Class Counsel. Any member of the Settlement Class, either personally or through counsel, may comment in support of, or in opposition to, any aspect of the proposed settlement, provided that any such notice of appearance,

comments and/or objections are detailed in writing (and include the class member's name and policy number with Royal and/or Union Central) and filed with the Court at least thirty (30) days before the fairness hearing. A copy of any notice of appearance, written comment and/or objection must also be sent to each of the following individuals, so that it is received at least thirty days before the fairness hearing:

| | |
|---|---|
| Fredric L. Ellis, Esq.<br>Ellis & Rapacki LLP<br>85 Merrimac Street<br>Suite 500<br>Boston, MA 02114<br>(617) 523-4800 | S. David McNeill, Esq.<br>185 Oakland Avenue<br>Suite 260<br>Birmingham, MI 48009<br>(248) 594-4984 |
| *Plaintiff's Lead Counsel* | *Attorney for Union Central* |

Unless the Court otherwise directs for good cause shown, no member of the Settlement Class, either personally or through counsel, shall be heard or shall be entitled to contest the approval of the terms and conditions of the settlement or (if approved) the Order to be entered thereon, or the allowance of fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of any member of the Settlement Class shall be received and considered if such notice of appearance, written comments and/or objections are not served and filed as provided herein.

11. All members of the Settlement Class have the option of excluding themselves from the Settlement Class by mailing a timely and valid Request for Exclusion postmarked not later than [thirty (30) days before the Fairness Hearing] addressed to The Union Central Life Insurance Company Group Policyholders Litigation Settlement Exclusions, P.O. Box ____, Boston, Massachusetts 02114. A Request for Exclusion

must set forth the following information with respect to the policyholder requesting exclusion: name, address, account number, the dates during which the group policy was in effect and a statement that the policyholder wishes to be excluded from the Settlement Class. All Requests for Exclusion must be signed by or on behalf of the policyholder that wishes to be excluded from the Settlement Class.

12. If a Request for Exclusion does not include all of the foregoing information, it shall not be a valid Request for Exclusion and the policyholder filing an invalid Request for Exclusion shall be a member of the Settlement Class. All persons who properly submit valid Requests for Exclusion from the Settlement Class shall not be members of the Settlement Class and shall have no rights with respect to the settlement and no interest in the settlement.

13. At or before the Fairness Hearing, Class Counsel shall file an affidavit identifying all persons from whom timely and valid Requests for Exclusion have been received.

14. All proceedings by Plaintiff and/or any member of the Settlement Class against Union Central relating to the Alleged Conduct are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters final judgment as provided in the Settlement Agreement.

15. Upon approval of the settlement provided for in the Settlement Agreement, the Settlement Agreement and each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

16. All reasonable costs incurred in providing notice to the members of the Settlement Class, as well as other settlement and administration costs, shall be paid as set forth in the Settlement Agreement.

SO ORDERED this 24 day of March, 2004.

_____
Honorable
U.S.D.J.