UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROVIDENCE STEEL, INC., individually and on behalf of a class of persons similarly situated,<br><br>   Plaintiff,<br>   v.<br><br>THE UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>   Defendant. | CIVIL ACTION NO: 04-10440-NG |

## AFFIDAVIT OF FREDRIC L. ELLIS

I, Fredric L. Ellis, under the pains and penalties of perjury, hereby state and affirm as follows with regard to Plaintiff's Memorandum in Support of Joint Motion For Final Approval of Class Action Settlement and Award of Attorneys' Fees:

1.  I am an attorney duly admitted to practice in the Commonwealth of Massachusetts, BBO# 542075.  I am Plaintiffs' counsel in *Shabshelowitz, et al. v. Royal Maccabees Life Insurance Company, n/k/a Reassure America Life Insurance Company*, C.A. No. 98-1212-NG  (D. Mass.) (the "Royal action"), and am Plaintiff's counsel in the above-captioned matter.  I was the lead plaintiff's attorney in settlement negotiations with The Union Central Life Insurance Company ("Union Central").

2.  Settlement discussions first began in 2002, and there were dozens of meetings and telephone conferences among counsel over the succeeding months.  There were extensive negotiations concerning the identification of class members, the quantification of overcharges, the form of release, the form of notice, the refund/credit

process, the corrective action to be taken with respect to Union Central's computer billing system and all other salient terms of the Settlement. These settlement discussions extended into early 2004.

    3.    Beyond the conferences and informal exchange of information with Union Central, my firm diligently continued discovery to identify overcharged accounts, quantify the overcharge amounts and to confirm the merits of the claims. During the settlement process, my firm worked with Union Central to identify group insurance accounts that had been overbilled since January 1, 1999. Union Central personnel confirmed that there were three categories of group insurance accounts that were administered by Union Central which were potentially overbilled because the computer billing system did not automatically reduce the billed amounts when an age-based reduction in benefits occurred. Those three categories of accounts are:

    a) "specially coded" accounts (accounts coded 4 or 5 out of 9 possible reduction codes);

    b) "standard coded accounts" (accounts coded 1-3 or 6-9) where the amount of benefits was determined based on the annual wages of each employee; and

    c) certain standard coded non-wage based accounts which, due to a "glitch" in the computer system, were reviewed on a 48-week basis instead of a 52-week basis.

    4.    Union Central was able to print out lists that identified all such accounts in the first two categories listed above that had been active at any time since January 1, 1999 and had a certificateholder over the age of 65 since that date. My firm spent

hundreds of hours reviewing these list as well as reviewing all of the available Integrity Reports generated since 1999 in order to identify all policyholders who had been overcharged at any time since January 1, 1999.

5.      A list of over one thousand six hundred (1,600) potentially overcharged group insurance accounts was generated, and Union Central personnel than began the process of calculating the overpaid premiums since January 1, 1999.  My firm spent several hundred more hours auditing these calculations in an attempt to ensure that the refunds due for premium payments made after January 1, 1999 were properly calculated. From our review, the amount of overpayments made by the Settlement Class members who were overcharged since January 1, 1999, is approximately $250,000.00

6.      In the process of investigating, reviewing discovery and negotiations in this case, my firm has invested more than 200 hours of attorneys' time and more than 700 hours of paralegals' time.

7.      Pursuant to the recommended practice, no discussions concerning attorneys' fees for Class Counsel were engaged in prior to an agreement being reached for the class.  All negotiations which occurred in this case were conducted on an arm's-length basis.  There never was any collusion between or among Plaintiff, Class Counsel and/or Union Central, nor was there any "trade-off" of Settlement Class benefits for attorneys' fees.  Rather, Class Counsel carefully considered the information developed as a result of the substantial discovery conducted in the Royal action, the probabilities of success in light of existing caselaw and Union Central's arguments, and opportunities for substantial compensation to a large settlement class.  The Settlement represents a

compromise of the parties of both sides and Class Counsel believes that, considering all of the issues relevant to the likelihood of success, the Settlement is fair and reasonable.

        8.        Pursuant to the Order Preliminarily Approving The Union Central Life Insurance Company Group Insurance Policyholders Settlement, Union Central caused a copy of the Notice to be mailed to eight hundred and twenty-four (824) Settlement Class members. These Settlement Class members come from forty-three (43) states, the District of Columbia and Puerto Rico. According to the Notice, requests for exclusion from the Settlement Class were to be post-marked no later than June 23, 2004. Only two (2) of the Settlement Class members elected to opt out of the Settlement. True and accurate copies of the two "opt out letters" are attached hereto as Exhibit 1. There were no objections to the Settlement and no Settlement Class member filed a separate notice of appearance.

        9.        I and the members of my firm are experienced in the investigation and prosecution of consumer class actions in both state and federal court. Some of the class action cases in which I have served as lead plaintiffs' counsel are as follows:

    i.    *In re GECC Bankruptcy Reaffirmation Agreements Litigation*, U.S.D.C. (N.D. Ill.) MDL No. 1192 (final approval granted to $100 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of General Electric Capital Corporation and its affiliates);

    ii.    *Berry, et al. v. Stop & Shop Supermarket Company*, Middlesex Superior Court, C.A. No. 97-4612 (final approval granted in statewide consumer class action concerning sales tax overcharges on supermarket purchases);

    iii.    *Roberts, et al. v. Bausch & Lomb*, USDC (N.D. Ala., Western Div.) C.A. No. 94-C-1144-W (final approval granted to $68 million settlement obtained on behalf of nationwide class of buyers of contact lenses);

    iv.    *Barry J. Hurst, Individually and on behalf of a class of persons similarly situated v. Federated Department Stores, et al.*, U.S.D.C. (D. Mass.) C.A.

2

        No.97-11479-NG (final approval granted to $8 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of Federated Department Stores);

v.     *Feiss v. MediaOne Group, Inc.*, U.S.D.C. (N.D.Ga.) C.A.No. 99-CV-1170 (final approval granted for $20 million settlement on behalf of New England cable television customers challenging advertising practices of cable television company).

vi.    *Ciardi, et al. v. F. Hoffmann LaRoche, Ltd., et al.*, Middlesex Superior Court) C.A. No. 99-3244 (final approval given to numerous price-fixing class action settlements in the bulk vitamin industry amounting to approximately $23 million).

10.    At my firm's customary billing rates, the hours my firm expended in this case (not including the time expended in the Royal action) exceeds $100,000.

Signed under the pains and penalties of perjury this 8th day of July, 2004.

                                                         s/Fredric L. Ellis
                                                         Fredric L. Ellis


## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel for the defendant, S. David McNeill, Esq. at Freeman McNeill, 185 Oakland Ave., Suite 260, Birmingham, MI 48009 by first class mail, postage prepaid.

                                                         s/Fredric L. Ellis
                                                       Fredric L. Ellis

Dated: July 8, 2004