LEGAL NOTICE

<u>Providence Steel, Inc. v. The Union Central Life Insurance Company</u>,
C.A. No. 04-10440-NG (D. Mass.)

**THE UNION CENTRAL LIFE INSURANCE COMPANY GROUP INSURANCE POLICYHOLDERS SETTLEMENT**

<u>**NOTICE OF CLASS ACTION SETTLEMENT**</u>

TO:  ALL EMPLOYERS WHO HAD GROUP INSURANCE POLICIES THAT WERE INSURED AND ADMINISTERED BY THE UNION CENTRAL LIFE INSURANCE COMPANY AND/OR ROYAL MACCABEES LIFE INSURANCE COMPANY, NOW KNOWN AS REASSURE AMERICA LIFE INSURANCE COMPANY, AND WHO, AT ANY TIME FROM JANUARY 1, 1999 TO THE PRESENT, PAID PREMIUMS FOR BENEFITS THAT WERE NOT IN EFFECT DUE TO AGE-BASED REDUCTIONS IN BENEFITS.

<u>*IMPORTANT*</u>:

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  A SETTLEMENT HAS BEEN PROPOSED IN PENDING CLASS ACTION LITIGATION THAT MAY AFFECT YOUR RIGHTS.

This Notice answers the following questions:

1. Why should I read this Notice?
2. What is this lawsuit about?
3. Which Group Insurance Policies are involved?
4. Who are the members of the Settlement Class?
5. What are the terms of the proposed settlement?
6. How will I know if I am a member of the Settlement Class?
7. How will I receive a refund of Overpaid Premiums?
8. Will I receive a refund of premiums paid prior to January 1, 1999 for benefits that were not in effect due to age-based reductions in benefits?
9. What is the settlement approval procedure?
10. Will an award of attorneys' fees diminish the final settlement amount?
11. How can I exclude myself from the Settlement Class?
12. Where can I get additional information?

<u>1.  WHY SHOULD I READ THIS NOTICE</u>?

Your rights may be affected by the class action lawsuit (the "Class Action") pending in the United States District Court for the District of Massachusetts (the "Court") in Boston, Massachusetts. The purpose of this Notice is to inform group insurance policyholders who, at any time from January 1, 1999 to the present, paid premiums for which no and/or less than corresponding benefits were in effect due to age-based reductions in benefits that a settlement of the Class Action has been preliminarily approved by the Court.  A fairness hearing is scheduled for July 22, 2004 at 2:30 p.m. in Courtroom 2 of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210.  The date, time and location of this Fairness Hearing are subject to change and interested persons should call 617-523-4800 to confirm the date, time and location.  Persons who submit timely comments or objections to the Settlement as provided for in the Notice will receive a mailed notice of any change in the date, time or location of the Fairness Hearing.

2.  WHAT IS THE LAWSUIT ABOUT?

Plaintiff Providence Steel, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, alleges that, from January 1, 1999 to the present, the defendant, The Union Central Life Insurance Company ("Union Central"), and/or Union Central's predecessor-in-interest, Royal Maccabees Life Insurance Company, n/k/a Reassure America Life Insurance Company ("Royal"), have improperly received premiums from group insurance policyholders for life insurance and/or accidental death and dismemberment benefits ("AD&D") that were not in effect due to age-based reductions in benefits (the "Alleged Conduct"), and that Union Central has been unjustly enriched by these overpaid premiums.

More specifically, the Group Insurance Policies that were insured and administered by Union Central and Royal contained clauses that reduced the life insurance and/or AD&D benefits available to certificateholders of the policies based on the ages of the certificateholders.  The most common of these reduction clauses were a 35% reduction at age 65 and a 50% reduction at age 70.  Plaintiff maintains that, although Union Central and Royal knew every certificateholders' date of birth and were responsible for administering the policies, Union Central and Royal failed to properly adjust the premiums billed the policyholders when these age-based reductions took place.  In other words, Plaintiff and the other members of the Settlement Class paid premiums for life insurance and/or AD&D benefits that were not actually in effect.  Plaintiff demands the return of that portion of the premium amounts paid by policyholders of Group Insurance Policies at any time on or after January 1, 1999, for which no and/or less than corresponding benefits were in effect due to age-based reductions in benefits and which were not credited or refunded in the policyholder's next billing statement after the over-billing first began (the "Overpaid Premiums").  Union Central denies that it is liable to the Settlement Class members.

Although counsel for Plaintiff are prepared to present significant evidence that Union Central has improperly billed policyholders for benefits that were not in effect and has been unjustly enriched by the Overpaid Premiums, Union Central is likewise prepared to mount a vigorous defense.

On March 3, 2004, Plaintiff entered into a proposed settlement (the "Settlement Agreement") with Union Central.  On March 24, 2004 the Court granted preliminary approval to the settlement, conditionally certified the Settlement Class for the purposes of settlement, appointed counsel to represent the Settlement Class and ordered that notice be provided to the members of the Settlement Class.

**THE COURT HAS NOT RULED ON ANY NUMBER OF THE CLAIMS OR DEFENSES OF THE PARTIES, AND THIS NOTICE IS NOT AN EXPRESSION OF ANY OPINION BY THE COURT REGARDING THE MERITS OF ANY OF THE CLAIMS OR DEFENSES ASSERTED BY PLAINTIFF OR UNION CENTRAL.**

3.  WHICH GROUP INSURANCE POLICIES ARE INVOLVED?

The Settlement concerns those group insurance policies that, for the period from January 1, 1999 to the present: (a) were insured by Royal and/or Union Central; (b) were home office administered by Royal and/or Union Central; (c) provided life insurance (basic and/or supplemental) and/or accidental death and dismemberment coverage for the policyholders' current and/or former employees; and (d) contained age-based reductions of benefits clauses.

4.  WHO ARE THE MEMBERS OF THE SETTLEMENT CLASS?

The Settlement Class is defined as all employers, whether persons, partnerships, corporations or other entities, who or that:

(A)  were policyholders of Group Insurance Policies that were insured and administered by The Union Central Life Insurance Company ("Union Central") and/or Royal Maccabees Life Insurance Company, now known as Reassure America Life Insurance Company ("Royal"), at any time after January 1, 1999;

(B)  paid premiums to Union Central and/or Royal at any time on or after January 1, 1999, that were not reduced to reflect the amount of benefits in effect based on the ages of the certificateholders; and

(C)  were not credited with such overpaid premiums by Union Central and/or Royal in their next billing statement.

For purposes of this class definition, "Group Insurance Policies" shall mean those insurance policies that provided life insurance (basic or supplemental) and/or accidental death and dismemberment coverage for the policyholders' current and/or former employees, and contained age-based reduction of benefits clauses.

Specifically excluded from the Settlement Class are Federal Judges and Magistrates and their immediate families, Union Central and Royal, any parent, subsidiary or affiliate of Union Central or Royal, any entity in which Union Central or Royal has a controlling interest, and Union Central's and Royal's officers, directors, employees and their immediate families.

Also excluded from the Settlement Class shall be any employers who or that submit a valid Request for Exclusion.

**YOU NEED NOT TAKE ANY ACTION TO EXPRESS YOUR SUPPORT FOR THE SETTLEMENT.  YOUR INTERESTS IN THE SETTLEMENT WILL BE REPRESENTED BY CLASS COUNSEL.**

**YOU MAY, BUT ARE NOT REQUIRED TO, APPEAR IN PERSON OR THROUGH YOUR OWN ATTORNEY AT YOUR OWN EXPENSE AT THE SETTLEMENT FAIRNESS HEARING AND/OR SUBMIT COMMENTS REGARDING THE FAIRNESS, ADEQUACY AND REASONABLENESS OF THE PROPOSED SETTLEMENT.**

5.  WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?

(a)  All members of the Settlement Class have received a full credit or will receive a full refund of the entire amount of their respective Overpaid Premiums (less all Overpaid Premiums previously credited or refunded to such member of the Settlement Class).  In exchange, the Settlement Class releases all claims against Union Central (as more fully described in the Settlement Agreement);

(b)  Union Central agrees to pay an additional sum of $2,000 to the Class Representative, Providence Steel, Inc., for its efforts in initiating and maintaining the Class Action;

(c) Union Central agrees to take certain remedial action (as more fully described in the Settlement Agreement) to improve the billing system so that, in the future, the premiums billed on all home office administered group insurance accounts are appropriately adjusted to reflect age-based reductions in benefits; and

(d) Union Central agrees to pay, over and above the amounts paid to the Settlement Class members, an award of attorneys' fees.

**IF THE SETTLEMENT IS FINALLY APPROVED BY THE COURT, THE JUDGMENT ENTERED WILL BIND ALL PERSONS IN THE SETTLMENT CLASS AND THEIR CLAIMS AGAINST UNION CENTRAL SHALL BE FOREVER RELEASED AND DISMISSED.**

6.  HOW WILL I KNOW IF I AM MEMBER OF THE SETTLEMENT CLASS?

This Notice was sent to you directly, because you already have been identified as being a member of the Settlement Class. As such, you do not have to take any action to be included in the Settlement Class and to receive the benefits of this Settlement.

7.  HOW WILL I RECEIVE A REFUND OF OVERPAID PREMIUMS?

All members of the Settlement Class will receive a refund check of the full amount of their Overpaid Premiums (less all Overpaid Premiums previously credited or refunded to such member of the Settlement Class). Some members of the Settlement Class have been previously credited or refunded the full amount of Overpaid Premiums and, therefore, will not be entitled to and will not receive any further refund. The refund checks will be mailed to the last known address of the respective Settlement Class member. In order to participate in any recovery, you are requested to notify Plaintiff's Lead Counsel at the address listed below of any corrections or changes in your name or address. You should preserve invoices and other records reflecting premiums paid by you to Union Central and/or Royal in the event that verification of such payments is required.

8.  WILL I RECEIVE A REFUND OF PREMIUMS PAID PRIOR TO JANUARY 1, 1999 FOR BENEFITS THAT WERE NOT IN EFFECT DUE TO AGE-BASED REDUCTIONS IN BENEFITS?

This Settlement concerns only premiums that were paid on or after January 1, 1999 for benefits that were not in effect due to age-based reductions in benefits. As for premiums that were paid prior to January 1, 1999 for benefits that were not in effect due to age-based reductions in benefits, a separate class action lawsuit against Royal is pending in the United States District Court for the District of Massachusetts, styled *Shabshelowitz, et al. v. Royal Maccabees Life Insurance Company, n/k/a Reassure America Life Insurance Company*, Civil Action No. 98-12121-NG (D. Mass.) (the "Royal Action"). As such, any refund of such premiums paid prior to January 1, 1999 will depend on the outcome (such as after trial or by settlement) of the Royal Action. You may receive a separate notice concerning the Royal Action, as a class has been certified recently in that action. For more information, please contact Plaintiff's Lead Counsel at the address listed below.

9.  WHAT IS THE SETTLEMENT APPROVAL PROCEDURE?

The Court has scheduled a fairness hearing for July 22, 2004 at 2:30 p.m., in Courtroom 2, of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. The date, time and location of this Fairness Hearing are subject to change and interested persons should call 617-523-4800 to confirm the date, time and location. Persons who submit timely

comments or objections to the Settlement as provided for in this Notice will receive a mailed notice of any change in the date, time or location of the Fairness Hearing.

At the fairness hearing, the Court will consider whether the settlement should be granted final approval as fair, adequate, and reasonable, and in the best interests of the Settlement Class, as well as other matters that may properly come before the Court in connection with the hearing, including any application by counsel for the Settlement Class for an award of attorneys' fees and reimbursement of expenses. Although you may attend this hearing in person or through your own attorney, you are not required to do so. If you wish to comment in support of, or in opposition to, any aspect of the proposed settlement, you may do so, but you must file your detailed comments or objections in writing with the Court (at the address listed above) at least thirty (30) days before the fairness hearing. You must include your name and your group policy account number with Union Central or Royal. If you wish to be heard at the fairness hearing in person or through your own attorney, you must file a written notice with the Court at least thirty (30) days before the fairness hearing, which sets forth your intent to appear personally and states in detail the nature of your comments or objections. A copy of any written comment, objection or notice must also be sent to each of the following individuals, so that it is received at least thirty (30) days before the fairness hearing:

| | |
|---|---|
| Fredric L. Ellis, Esq. | S. David McNeill, Esq. |
| Ellis & Rapacki LLP | 185 Oakland Avenue |
| 85 Merrimac Street | Suite 260 |
| Suite 500 | Birmingham, MI 48009 |
| Boston, MA  02114 | (248) 594-4984 |
| (617) 523-4800 | |
| *Plaintiff's Lead Counsel* | *Attorney for Union Central* |

Except as provided herein, no person shall be entitled to contest the terms and conditions of the settlement, or to object to attorneys' fees and expenses and the payment to the Class Representative, and persons who fail to object as provided herein shall be deemed to have waived and shall be foreclosed forever from raising such objections.

10.  WILL AN AWARD OF ATTORNEYS' FEES DIMINISH THE FINAL SETTLEMENT AMOUNT?

No. As a further benefit to the Settlement Class, and to ensure that the Settlement Class receives full reimbursement of all Overpaid Premiums, Union Central has agreed to pay, over and above the amounts paid to the Settlement Class members, an award of attorneys' fees and expenses in an amount not to exceed ninety thousand dollars ($90,000). Counsel for the Settlement Class have agreed to apply to the Court for approval of an award of fees and expenses that is no more than that amount. Any award of attorneys' fees must be approved by the Court. You will NOT have to pay any judgment, court costs, or attorneys' fees and expenses for participating in this settlement.

11.  HOW CAN I EXCLUDE MYSELF FROM THE SETTLEMENT CLASS?

You have a choice whether to remain a member of the Settlement Class. If you choose to exclude yourself from the Settlement Class, or "opt out", you must mail a timely and valid Request for Exclusion postmarked no later than June 23, 2004, addressed to: The Union Central Life Insurance Company Group Insurance Policyholders Litigation Settlement Exclusions, P.O. Box 8772, Boston, MA 02114. A Request for Exclusion must set forth the following information with respect to the policyholder requesting exclusion: name, address and a statement that the policyholder wishes to be excluded from the Settlement Class. All Requests for Exclusion must be signed by or on behalf of the policyholder that wishes to be excluded from the Settlement Class.

If a Request for Exclusion does not include all of the foregoing information, or if the Request for Exclusion is not signed by or on behalf of the policyholder, it shall not be a valid Request for Exclusion and the policyholder filing such an invalid Request for Exclusion shall be included as a member of the Settlement Class.

All policyholders who properly submit valid Requests for Exclusion from the Settlement Class shall not be members of the Settlement Class and shall have no rights with respect to the Settlement Agreement and no interest in the Settlement. As set forth above, the Settlement Agreement provides for the release and discharge as to members of the Settlement Class as against Union Central. By submitting a valid Request for Exclusion, a potential member of the Settlement Class will not be precluded from individually seeking to pursue any of the Released Claims at his, her or its own expense.

If you want to remain a member of the Settlement Class, you are not required to do anything and you should NOT file a Request for Exclusion. By remaining a member of the Settlement Class, your claims against Union Central will be subject to settlement and cannot be presented in any other lawsuit.

12.  WHERE CAN I GET ADDITIONAL INFORMATION?

This Notice contains only a summary of the proposed settlement. A more complete collection of information, including a copy of the full Settlement Agreement, pleadings, records and other papers on file in the Class Action, is available during regular business hours at the Clerk of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, MA 02210. If you need further information, please contact Plaintiff's Lead Counsel at the address listed above.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION.**