UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PROVIDENCE STEEL, INC., individually, )
and on behalf of a class of persons similarly )
situated, )
                                    Plaintiff, )
   v. )                    CIVIL ACTION NO: 04-10440-NG
THE UNION CENTRAL LIFE INSURANCE )
COMPANY, )
                                Defendant. )

## [PROPOSED] FINAL ORDER APPROVING THE UNION CENTRAL LIFE INSURANCE COMPANY GROUP INSURANCE POLICYHOLDERS SETTLEMENT AND FINAL JUDGMENT

This Court, having considered the Parties' joint motion (the "Motion") for final approval of the The Union Central Life Insurance Company Group Insurance Policyholders Settlement Agreement entered into on March 3, 2004 ("Settlement Agreement"), on behalf of Plaintiff and the Settlement Class by Class Counsel and on behalf of Union Central by its counsel, and the schedule and exhibits attached thereto; having considered all of the submissions and arguments with respect to the Motion; having entered an order on March 24, 2004, conditionally certifying the following settlement class (the "Settlement Class"):

    All employers, whether persons, partnerships, corporations or other entities, who or that:

    (A) were policyholders of Group Insurance Policies that were insured and administered by The Union Central Life Insurance Company ("Union Central") and/or Royal Maccabees Life Insurance Company, now known as Reassure America Life Insurance Company ("Royal"), at any time after January 1, 1999;

      (B) paid premiums to Union Central and/or Royal at any time on or after January 1, 1999, that were not reduced to reflect the amount of benefits in effect based on the ages of the certificateholders; and

      (C) were not credited with such overpaid premiums by Union Central and/or Royal in their next billing statement.

      For purposes of this class definition, "Group Insurance Policies" shall mean those insurance policies that provided life insurance (basic or supplemental) and/or accidental death and dismemberment coverage for the policyholders' current and/or former employees, and contained age-based reduction of benefits clauses.

      Specifically excluded from the Plaintiff Class are Federal Judges and Magistrates and their immediate families, Union Central and Royal, any parent, subsidiary or affiliate of Union Central or Royal, any entity in which Union Central or Royal has a controlling interest, and Union Central's and Royal's officers, directors, employees and their immediate families.

      Also excluded from the Settlement Class shall be any employers who or that submit a valid Request for Exclusion in accordance with the procedures set forth in paragraph **IV.C** of the Settlement Agreement;

having directed that notice be given to the Settlement Class of the proposed settlement and of a hearing scheduled to determine whether the proposed settlement should be approved as fair, reasonable and adequate to the Settlement Class and to hear any objections to any of these matters (the "Fairness Hearing"); and having held the Fairness Hearing and considered the submissions and arguments made in connection therewith, the Court hereby FINDS as follows:

      1. That the notice to the Settlement Class, including but not limited to the form of notice and the means of giving notice to the members of the Settlement Class, has been given in an adequate and sufficient manner and constitutes the best notice practicable, complying in all respects with the requirements of due process.

      2. That Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class.

2

3. That, for purposes of Final Approval of this Settlement Agreement, pursuant to Fed. R. Civ. P. 23(a) and (b), the Court finds, for purposes of this settlement only, that:

(a) The Settlement Class is so numerous that joinder of all members is impracticable;

(b) There are questions of law or fact common to the Settlement Class;

(c) The claims of the Class Representative are typical of the claims of the Settlement Class;

(d) The Class Representative has fairly and adequately protected the interests of the Settlement Class;

(e) The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and

(f) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. That the Settlement Class is certified for purposes of settlement only.

5. That the Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and has been advised that there have been no objections filed against the settlement.

6. That arms' length negotiations have taken place in good faith between Class Counsel and Union Central and have resulted in the proposed settlement, as provided in the Settlement Agreement.

7. That the settlement, as provided for by the Settlement Agreement, is in all respects fair, reasonable, adequate and proper and in the best interests of the Settlement Class; that the settlement is accordingly finally APPROVED; and that, in

accordance with the terms of the Settlement Agreement, which are hereby incorporated by reference as though fully set forth herein, it is hereby ORDERED, ADJUDGED and DECREED:

(a) That all claims of all members of the Settlement Class against Union Central are hereby dismissed with prejudice;

(b) That each Released Party (as that term is defined in the Settlement Agreement) shall be released and forever discharged from all manner of claims, demands, actions, suits, and causes of action, whether class, individual or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever (including costs, expenses, penalties and attorneys' fees), whether known or unknown, suspected or unsuspected, asserted or unasserted, in law or equity, statutory or common law, that any member of the Settlement Class, on their own behalf and on behalf of their heirs, executors, successors, and assigns, (the "Releasing Parties"), whether directly, representatively, derivatively or in any other capacity, ever had, now has or hereafter can, shall or may have, with respect to the Overpaid Premiums and/or the Alleged Conduct (as those terms are defined in the Settlement Agreement), including claims alleging damages or unjust enrichment caused by or resulting from Union Central's over-billing of policyholders for any reason related to the ages of the certificateholders, and including claims made against Royal in the Class Action (as that term is defined in the Settlement Agreement) for Overpaid Premiums (as that term is defined in the Settlement Agreement) resulting from Royal's Alleged Conduct (as that term is defined in the Settlement Agreement)(the "Released Claims");

(c) That the foregoing release shall not release, impair, negate or compromise any claim with respect to premiums received by Royal prior to January 1, 1999;

(d) That no member of the Settlement Class shall hereafter be permitted in any suit, action or proceeding to seek to establish liability of any kind against Union Central on any Released Claim;

(e) That each Releasing Party acknowledges that it may hereafter discover facts other than or different from those that it knows or believes to be true with respect to the subject matter of the Released Claims that have been released by such party, but each Releasing Party shall hereby be deemed to have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the Released Claims that such Releasing Party has released, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts;

(f) That nothing in this Order or the Settlement Agreement and no aspect of the settlement is or shall be deemed or construed to be an admission, concession or evidence of any violation of any statute or law or of any liability or wrongdoing by Union Central or of the truth of any of the claims or allegations contained in the Class Action;

(g) The Clerk is therefore directed to enter a final judgment of dismissal with prejudice as to Union Central pursuant to Fed. R. Civ. P. 58;

(h) That the Parties are hereby directed to take all of the actions required under the terms and provisions of the Settlement Agreement;

(i) That without affecting the finality of this Order and Judgment, the Court hereby retains jurisdiction of this settlement and the Settlement Agreement, including the administration and consummation of the settlement and the determination of issues relating to distributions and, further, retains exclusive jurisdiction for purposes of any suit, action or proceeding arising out of or relating in any way to this Order and

Judgment, the settlement, the Settlement Agreement and/or the applicability of the Settlement Agreement, and Union Central and each member of the Settlement Class shall hereby be deemed to have consented to such exclusive jurisdiction of the Court. Without limiting the generality of the foregoing, any dispute concerning the provisions of paragraph 7 of this Order and Judgment, including but not limited to any suit, action or proceeding in which the provisions of paragraph 7 are asserted as a defense in whole or in part to any claim or cause of action asserted by any plaintiff or otherwise raised as an objection, shall constitute a suit, action or proceeding arising out of or relating to this Order and Judgment. Solely for purposes of any such suit, action or proceeding, to the fullest extent possible under applicable law, Union Central and the members of the Settlement Class are deemed to have irrevocably waived and to have agreed not to assert, whether by way of motion, as a defense or otherwise, any claim, argument or objection that they are not subject to the jurisdiction of this Court or that this Court is in any way an improper venue or an inconvenient forum;

(j) That the two thousand dollar ($2,000.00) payment to the Class Representative is approved as fair and reasonable; and

(k) That Class Counsel's application for attorneys' fees and expenses in the amount of ninety thousand dollars ($90,000.00) is approved as fair and reasonable.

8. The Court finds that any potential member of the Settlement Class who properly requested exclusion from the Settlement Class, whose names are listed in the two (2) letters attached to the affidavit of Plaintiff's Lead Counsel dated July 8, 2004, are excluded from the Settlement Class.

9. The terms used in this Order that are defined in the Settlement Agreement or the Order Preliminarily Approving Proposed Settlement are, unless

otherwise defined herein, used in this Order as defined in the Settlement Agreement or the Order Preliminarily Approving Settlement.

SO ORDERED this 22 day of July, 2004.

_____
Nancy Gertner
U.S.D.J.