UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROVIDENCE STEEL, INC., individually and on behalf of a class of persons similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>THE UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | CIVIL ACTION NO: 04-10440-NG |

**JOINT MOTION TO DISTRIBUTE RETURNED AND UN-CASHED SETTLEMENT REFUND CHECKS TO NATIONAL BUSINESS ASSOCIATION**

NOW come the plaintiff and class representative, Providence Steel, Inc. ("Plaintiff"), and the defendant, The Union Central Life Insurance Company ("Defendant"), in the above-captioned matter and hereby move jointly for an Order approving the parties' proposal to distribute the returned and un-cashed settlement refund checks to the National Business Association. As grounds therefor, the parties state as follows:

On July 22, 2004, this Court granted final approval to The Union Central Life Insurance Company Group Insurance Policyholders Settlement Agreement dated March 3, 2004 ("Settlement Agreement"). In accordance with the Settlement Agreement and this Court's Order, Union Central mailed the settlement refund checks to the members of the Settlement Class between July and August 2004. Affidavit of Bill J. Pike ("Pike Affidavit"), ¶ 2, attached hereto as Exhibit A. A total of 626 refund checks were mailed by Union Central. *Id.*, at ¶ 3. Of the total number of refund checks mailed by Union Central, thirty-five (35) were either returned to Union Central or not cashed by the respective member of the Settlement Class. *Id.*, at ¶ 4.

The total amount of the returned and un-cashed refund checks is three thousand ninety-two dollars and thirty-nine cents ($3,092.39).  *Id.*

>   In relevant part, the Settlement Agreement provides:

>   In the event that a refund check is returned to Union Central or Class Counsel or not cashed by a Settlement Class member within one hundred and twenty (120) days from the date the check was mailed, such payment shall be made to a charitable organization jointly selected by Union Central and Class Counsel and approved by the Court.

Settlement Agreement, Section VI.B.1.  The parties jointly propose that the modest amount from the returned and un-cashed refund checks be distributed to the National Business Association.  The National Business Association is a not-for-profit association dedicated to providing educational and other assistance to small businesses and the self-employed.  Given the stated goals of the National Business Association, and in consideration of the fact that the Settlement Class is comprised of employers (the vast majority of which are small businesses) who purchased group insurance policies, the parties have concluded that the National Business Association would be an appropriate recipient of the funds.

WHEREFORE, the parties respectfully ask this Honorable Court to approve the distribution of the amount of returned and un-cashed settlement refund checks ($3,092.39) to the National Business Association.

| Respectfully submitted | Respectfully submitted |
|---|---|
| For the Plaintiff and Class Representative, | For the Defendant, |
| s/Fredric L. Ellis | s/S. David McNeill |
| Fredric L. Ellis, BBO # 542075 | S. David McNeill, Mich. Bar #  P17544 |
| Edward D. Rapacki, BBO # 411910 | 185 Oakland Ave., Suite 260 |
| Joseph M. Makalusky, BBO # 631240 | Birmingham, MI  48009 |
| ELLIS & RAPACKI LLP | Tel:  (248) 594-4984 |
| 85 Merrimac Street, Suite 500 | Fax:  (248) 594-4987 |
| Boston, MA 02114 | (admitted *pro hac vice*) |
| Tel:  (617) 523-4800 | |
| Fax:  (617) 523-6901 | |

Date:  January 18, 2005

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| PROVIDENCE STEEL, INC., individually, and on behalf of a class of persons similarly situated,<br>        Plaintiff,<br><br>v.<br><br><br>THE UNION CENTRAL LIFE INSURANCE COMPANY,<br><br>        Defendant, | CIVIL ACTION NO: 04-10440-NG |

### AFFIDAVIT OF BILL J. PIKE

I, Bill J. Pike, under the pains and penalties of perjury, state as follows:

1. I am an employee of The Union Central Life Insurance Company ("Union Central"), the defendant in the above-captioned matter. I was assigned the task of overseeing the process of distributing the refund checks to each member of the Settlement Class in accordance with the Settlement Agreement and this Court's July 22, 2004 Order granting final approval to the Settlement.

2. On or about August 25, 2004, I caused the refund checks to be delivered by first class mail, postage prepaid to the last known address of the respective Settlement Class members.

3. Of the six hundred and twenty-six (626) refund checks mailed to the members of the Settlement Class, nine (9) were returned by the United States Post Office to Union Central. Of these, we were able to locate new addresses and

re-send the refund checks to four (4) members of the Settlement Class. Thus, of the 626 refund checks mailed, only five (5) were undeliverable.

    4.    Of the 626 refund checks mailed to the members of the Settlement Class, a total (including the 5 that were undeliverable) of thirty-five (35) refund checks were not cashed by the respective Settlement Class members within one hundred and twenty (120) days of the check date. The total amount of the un-cashed refund checks is three thousand ninety-two dollars and thirty-nine cents ($3,092.39).

Signed and sworn under the penalties of perjury this 12th day of January, 2005.

_____
Bill J. Pike